UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANTON HARRIS,

    Plaintiff,

v.                                                   CASE NO: 8:13-cv-2823-T-26EAJ

BIOMET, INC., et al.,

    Defendants.
_____/

**O R D E R**

Pending before the Court for resolution are the Biomet Defendants' Motion to Stay Pending Transfer to Multidistrict Litigation and the Plaintiff's Motion for Leave to Amend Complaint and Substitute Party Defendants and Emergency Motion for Remand for Lack of Jurisdiction,[1] and the responses of the parties to those motions. After due and careful consideration of the motions and responses, the Court concludes that the motion to stay should be granted, that the Plaintiff's motions should be deferred pending the decision of the Panel on Multidistrict Litigation (the Panel) as to whether this case should be transferred to MDL No. 2391, and that this case should be administratively closed pending that decision, subject to being reopened in the event the Panel decides not to transfer this case.

---

[1] Plaintiff's counsel is reminded pursuant to Local Rule 3.01(e) that an "unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."

The Court is well aware of the fact that Plaintiff has filed an objection to the Panel's conditional order transferring this case to MDL No. 2391 and that until the Panel issues a final order of transfer that this Court retains jurisdiction to decide the merits of Plaintiff's pending motions. The Court is also aware, however, that it is highly probable that the Panel will eventually transfer this case to MDL No. 2391 as it has done with regard to 21 other cases filed in this district against these same Defendants. Finally, the Court is cognizant of the holding "that the MDL panel has jurisdiction to transfer a case in which a jurisdictional objection is pending." In re Ivy, 901 F.2d 7, 9 ($2^d$ Cir. 1990); see also Grispino v. New England Mut. Life Ins. Co., 358 F.3d 16, 19, n.3 (1st Cir. 2004) (noting that "[t]he fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.") (citing In re Ivy, 901 F.2d at 9). As the Ivy court further observed, "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." 901 F.2d at 9.

Accordingly, because it is reasonable to assume that this case will eventually be transferred by the Panel to MDL No. 2391, and in an effort to preserve client and judicial resources and to promote consistency and economy with regard to jurisdictional objections, it is ordered and adjudged as follows:

1) Defendants' Motion to Stay Pending Transfer to Multidistrict Litigation (Dkt. 8) is granted.

2) All proceedings in this case are stayed until further order of the Court.

3) The Court defers ruling on Plaintiff's pending motions found at dockets 10 and 11.

4) The Clerk is directed to administratively close this case during the period of the stay and to terminate Plaintiff's motions from pending status.

5) In the event the Panel declines to transfer this case to MDL No. 2391, the Court will immediately reopen this case and address Plaintiff's pending motions.

**DONE AND ORDERED** at Tampa, Florida, on November 19, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record